## STATE, EX REL. MAYNE, Relator v. DUNN, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 3920. Decided July 26, 1946.

David A. Peiros, Columbus, for Relator.

Ralph J. Bartlett, Prosecuting Attorney, Robert P. Barnhart and Edmund B. Paxton, Asst. Prosecuting Attorneys, Columbus, for Respondent.

## OPINION

By THE COURT:

This is an original action in mandamus filed in this Court. The relator alleges that certain lots and lands which he has set forth in his Exhibit "A" and by reference has made a part of his petition, were offered for public sale as advertised in a tax sale notice and sold to the highest bidders and that deeds for said lots and lands were executed and delivered by the Auditor of Franklin County, Ohio.

He states further that the forfeited lots and lands set forth in Exhibit "A" were, prior to the sale and still are, subject to liens of certain unpaid annual installments of special assessments, reassessments, penalties and interest. He also alleges that the respondent or his predecessor in office should have cancelled all assessments, etc., existing on said lots and lands in Exhibit "A" at the time of the Auditor's sale. Relator prays that the Court issue a writ of mandamus compelling the respondent, the County Auditor of Franklin County, Ohio, to remove from said forfeited lots and lands in his Exhibit "A" all of the assessments, etc., which were a lien on said lots and lands at the time of the Auditor's sale, and for such other and further relief to which he may be entitled in the premises.

The respondent has filed a demurrer to the petition for the reason that there is another action pending in the Court of Common Pleas of Franklin County, Ohio, between the same parties and for the same cause.

The causes of demurrer to a petition are set out in §11309 GC as follows:

"The defendant may demur to the petition only when it appears on its face either; * * *

"(4) That there is another action pending between the same parties for the same cause; * * * ."

Under this section of the Code, to warrant the filing of a demurrer the pendency of another action must appear on the face of the pleadings. If there is nothing on the face of the petition to show that another action is pending, the objection cannot be taken by demurrer. Rehn v North Bldg. & Savings Co., 5 O. N. P., 314; State v Hinkle, 13 O. D. N. P., 165; 1 O. Jur., Par. 12, p. 36.

The objection, however, may be taken by answer. §11311 GC provides:

"When on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. * * * "

Since the petition contains no allegations as to another action pending between these same parties, and for the same cause, the demurrer cannot be sustained. The only information that this Court has of the pendency of another action between these same parties is obtained from the respondent's brief.

The demurrer is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.